**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 31, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY MCKNIGHT,

    Defendant - Appellant.

No. 26-8020
(D.C. No. 1:25-CR-00071-SWS-1)
(D. Wyo.)

_____

### ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **KELLY**, and **FEDERICO**, Circuit Judges.
_____

Gregory McKnight was convicted of wire fraud in the Eastern District of Michigan in 2013. He was sentenced to a term of imprisonment for 188 months and three years of supervised release. On Christmas Eve in 2024, however, the President commuted McKnight's term of imprisonment, and

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

he was accordingly released from home confinement. Jurisdiction over his supervised release was transferred to the District of Wyoming. He now challenges the authority of the District of Wyoming to enforce the terms of his supervised release. The district court dismissed his challenge, and we now affirm.

## I

The facts of McKnight's crime of conviction are not relevant to this appeal, so we will restrict this order to reciting only the pertinent procedural history.

McKnight was convicted of wire fraud in 2013 in the Eastern District of Michigan. He served a term of imprisonment until 2024, when he received a presidential commutation and was released. Jurisdiction over his supervised release was then transferred to the District of Wyoming.

Once jurisdiction was transferred, McKnight filed a motion for early termination of supervised release on December 22, 2025. On January 29, 2026, the district court denied the motion. In February, McKnight again filed a motion for early termination, and this too the district court denied. On May 4, 2026, McKnight moved to "suspend supervised release pending resolution of motion for relief from void judgment." R. at 93. Finally, on May 5, the district court denied relief.

McKnight then noticed this timely appeal.

2

## II

This appeal concerns several jurisdictional issues related to criminal sentences. We will first address our own jurisdiction over the appeal. Then, we will address each of McKnight's arguments that the district court lacks jurisdiction to enforce his sentence.

## A

Beginning with our own jurisdiction, McKnight did not address appellate jurisdiction, and the United States elected not to respond at all in this case. "Although neither party challenges our appellate jurisdiction, we have an independent duty to examine our own jurisdiction." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). Generally, federal courts of appeals have jurisdiction only from "final decisions of the district courts of the United States." 28 U.S.C. § 1291. But this grant of jurisdiction includes certain collateral orders so unrelated to the merits that, although perhaps not final judgments in a technical sense, they are functionally final judgments unto themselves for the purposes of appellate review. "To fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Midland*

*Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

Upon closer examination, we have jurisdiction. This court has previously entertained appeals from orders denying early termination of supervised release. *See, e.g.*, *United States v. Warren*, 650 F. App'x 614 (10th Cir. 2016) (exercising jurisdiction over an order denying early termination of probation).[1] We were right to do so because such orders are appealable collateral orders. They conclusively determine the question of whether to terminate such sentences early – a question that is completely separate from the merits of the underlying criminal judgment – and there is no other way to review such orders. In *United States v. Romero*, this court had no trouble invoking the collateral order doctrine and exercising jurisdiction over the "district court's order denying [Romero's] request for an immediate determination of whether any revoked supervised release time should run concurrently with his state prison sentence." 511 F.3d 1281, 1283, 1283–84 (10th Cir. 2008). Orders denying early termination of supervised release are

---

[1] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

similar in substance. *See* 18 U.S.C. § 3583(e). We therefore have jurisdiction over such orders under (at least) the collateral order doctrine.[2]

## B

Although we have jurisdiction over this appeal, it founders on the merits. We review a district court's decision under 18 U.S.C. § 3583(e)(1) to deny early termination of supervised release for an abuse of discretion. *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). McKnight raises essentially two challenges to the jurisdiction of the Wyoming district court to enforce supervised release. Both lack merit.

First, McKnight argues that since the judgment in his criminal case in the Eastern District of Michigan was without jurisdiction, there is no valid sentence or term of supervised release to enforce. But McKnight never demonstrates or even argues that the Eastern District of Michigan actually lacked jurisdiction to convict and sentence him. Instead, he argues that since the Eastern District's jurisdiction "was and remains in active dispute," the District of Wyoming in turn lacked jurisdiction to enforce the terms of supervised release. Op. Br. at 8. We grant him that the district court's

---

[2] We do not rely here on 18 U.S.C. § 3742, which governs appellate review of a sentencing issue. *See generally United States v. Marshall*, 954 F.3d 823, 825–29 (6th Cir. 2020) (suggesting that Section 1291, not Section 3742, is the appropriate basis for jurisdiction in supervised release appeals).

authority to enforce his sentence depends on the continued existence of a valid judgment. But until a court resolves the contest in McKnight's favor, the mere fact that he contests the validity of the judgment is of no moment.

Second, McKnight argues that his supervised release never began. He first correctly observes that the supervised release statute provides that "supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(e). He then leaps from this inarguable premise to claim that commencement never occurred because there is no evidence in the Eastern District of Michigan's docket that the sentencing probation office ever initiated supervision. He cites no authority, and we are confident there is none, for the proposition that a term of supervised release only begins when some kind of form is filed on the docket. As the statute makes plain, McKnight's release commenced his term of supervised release; nothing further was required.

AFFIRMED.

Entered for the Court

Richard E.N. Federico
Circuit Judge

6